UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHAD EDWARD KNOX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1737** |
| **JERRY LARPENTER, SHERIFF, ET AL.** | **SECTION: "E"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Chad Edward Knox, a Louisiana state prisoner, filed this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983. He sued Detective Jason Pelligrin, Terrebonne Parish Sheriff Jerry Larpenter, and Terrebonne Parish Sheriff-Elect Tim Soignet. Plaintiff stated his claims as follows:

> I have evidence that Detective Jason Pelligrin knowingly and willfully made false statements to charge me with crimes. Fabricated evidence to charge me with crimes. Claimed DNA evidence to charge me with crimes without taking DNA from my person. Made false statements about testimony I gave him about a crime. Failed to interview me and take statements from me about crimes he charged me with. Removed my property from my residence that he claimed was stolen to charge me with crimes. Removed several items from my residence, nothing was stolen. Knowingly and willfully created probable case using false statements and evidence to charge me with crimes. Victims stated that someone else committed these crimes.[1]

The Court held a Spears hearing in this matter on July 23, 2020.[2] At that hearing, plaintiff testified that Detective Jason Pelligrin arrested plaintiff after he admitted entering what he thought was an abandoned building. Using that admission, Pelligrin then "made up stuff" and charged

---

[1] Rec. Doc. 1, pp. 6-7.
[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

plaintiff with four counts of burglary and one count of attempted burglary. He testified that "pretty much everything" in Pelligrin's "probable cause statement" was "BS." Plaintiff further testified that approximately one hundred twenty items were seized from his residence during the investigation, all of which he was then accused of stealing, even though the items had not been reported as stolen. He also stated that the victims indicated that another individual, Brandon DuBois, may have committed some of the burglaries. Nevertheless, plaintiff eventually accepted a plea bargain in order to avoid being charged as a habitual offender. Pursuant to that plea bargain, he pleaded guilty to a total of seven counts of burglary and one count of attempted burglary, including the charges arising from his arrest by Pelligrin. After the <u>Spears</u> hearing, defense counsel submitted a copy of the transcript of plaintiff's guilty pleas, and that transcript has been filed into this federal record.[3]

    Because plaintiff is a prisoner and is proceeding as a pauper, federal law requires that his claims be dismissed by the Court *sua sponte* if they are "frivolous." For example, the law provides that a federal court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). It then further requires that, based on that review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …." 28 U.S.C. § 1915A(b)(1). Similarly, with respect to lawsuits filed *in forma pauperis*, a separate statute provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3] Rec. Doc. 8. Defense counsel also provided plaintiff with a copy of that transcript for his use in this proceeding.

In this lawsuit, plaintiff claims that he was falsely arrested for crimes he did not commit. For the following reasons, those claims are currently barred by Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, pursuant to the foregoing screening provisions, the claims must be dismissed, because claims barred by Heck are considered to be "frivolous." See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 F. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 F. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004).

"It is well settled under Heck that when an individual … brings a section 1983 claim against the arresting officers and their supervisors, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Connors v. Graves, 538 F.3d 373, 376 (5th Cir. 2008) (quotation marks omitted); see also Morris v. Mekdessie, 768 F. App'x 299, 301 (5th Cir. 2019) ("Heck does not allow a civil rights lawsuit

3

to be an alternative vehicle for to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved in favor of the accused." (quotation marks omitted)), cert. denied, 140 S. Ct. 870 (2020). Further, the United States Fifth Circuit Court of Appeals has held that "false arrest claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." Thomas v. Pohlmann, 681 F. App'x 401, 406 (5th Cir. 2017) (quotation marks and ellipsis omitted). Therefore, where, as here, a plaintiff "ultimately pleaded guilty to all the charges for which [he was] arrested, allowing [him] to proceed on [his] false arrest claim would necessarily implicate the validity of [his] convictions because the same conduct that formed the probable cause for [his] arrest also provided the basis for [his] convictions." Id.; see also Queen v. Purser, 109 F. App'x 659, 660 (5th Cir. 2004) (noting that because prisoner's "false arrest claim necessarily challenge[d] whether the evidence seized by [the defendant police officer], which led to his conviction, supplied probable cause for his arrest," the prisoner's false arrest claim was barred by Heck). As a result, Heck currently bars plaintiff's claims against both the arresting officer (Pelligrin) and his supervisors (Larpenter and Soignet).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be dismissed with prejudice with prejudice to their being asserted again until the Heck conditions are met.[4]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[4] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

4

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __30th__ day of July, 2020.

  
_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**